FILED'10 JUN 16 12:37USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN LOUIS ZOLKOSKE,

            Petitioner,        Civil No. 09-114-CL

            v.                REPORT AND
                             RECOMMENDATION

DON MILLS,

            Respondent.

CLARKE, Magistrate Judge.

      Petitioner is in the custody of the Oregon Department of
Corrections after convictions for four counts of Sexual Abuse
in the First Degree.  Exhibit 101. After pleading guilty to
all four counts, Exhibit 103, the court sentenced petitioner
to 75 months in prison on Counts 1, 2 and 4, and to an upward
departure sentence of 80 months on Count 3.  Exhibit 104, p.
25-27.  The sentences were to be served concurrently. Id.

      Petitioner did not appeal his convictions. Petitioner
filed an Amended Formal Petition for Post-Conviction Relief,

1 - FINDINGS AND RECOMMENDATION

Exhibit 105, but the court denied relief.  Exhibit 134.  The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 135 - 140.

Petitioner filed a Petition for Habeas Corpus relief under 28 U.S.C. 2254 alleging five Grounds for relief. Petition (#1) p. 5-8.

Respondent's Response (#17) argues that petitioner procedurally defaulted Grounds Three, Four and Five. Petitioner's counsel does not contest respondent's argument in this regard and the record before the court establishes that Grounds Three - Five are procedurally defaulted. Petitioner makes no argument concerning Ground Two (ineffective assistance of counsel for failing to determine whether petitioner wished to file a direct appeal).

Petitioner's claim that his counsel was ineffective for failing to object to the upward departure sentence under *Apprendi v. New Jersey* (Ground One) is the only issue briefed by petitioner's counsel. Accordingly, other claims raised in petitioner's petition (Grounds Two - Five) are properly deemed waived and/or abandoned. See, Renderos v Ryan, 469 F.3d 788, 800 (9th Cir. 2001) *cert. denied* 2000 U.S. LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acasta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].

As noted above, petitioner pled guilty to four counts of

2 - FINDINGS AND RECOMMENDATION

Sexual Abuse in the First Degree.  Petitioner entered the plea with "open sentencing".    The    prosecution    sought    two consecutive sentences for a total of 150 months imprisonment. On all but one count, the court imposed presumptive guideline sentences.    On Count Three, the court imposed an upward departure based on the following finding:  "Because you did violate the trust of the family that was very close to you and the age difference between the two of you, I'm going to find that there is an appropriate reason to depart to 80 months in the corrections division; more than the mandatory minimum. You will do 80  months on Count 3." Exhibit 104, p. 26.  Trial counsel made no objection to any aspect of the sentence and no appeal was filed.

Later  that year, on June 24, 2004, in       Blakely  v. Washington, 542 U.S. 296, 303 (2004), the Supreme Court held that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose based solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."[1]

Petitioner argues in this proceeding that he received ineffective assistance of counsel when his attorney failed to object to his upward departure sentence based on the decision

---

[1]In Apprendi v. New Jersey, 530 U.S. 466 (2000), the court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490.

in *Apprendi v. New Jersey.* Memorandum of Law (#28) p. 6. "Because his departure sentence was based on facts not found in the jury's verdict, competent counsel would have argued that the departure violated the Sixth Amendment as explained in *Apprendi*." Id.

In his petition for post-conviction relief petitioner alleged that his counsel was ineffective for failing to "object to imposition of a departure and consecutive sentence." Exhibit 105, p. 3. The PCR trial court found against petitioner on all claims raised in his petition. Exhibits 133 at p. 26, and Exhibit 134.

Petitioner appealed the denial of relief on grounds including ineffective assistance of counsel based on failure to raise the *Blakely/Apprendi* objection to the departure sentence. Exhibit 135, p. 11. The Oregon Court of Appeals affirmed without opinion, Exhibit140, and the Oregon Supreme Court denied review. Exhibit 138, and 139.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

    1.) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    2.) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court

4 - FINDINGS AND RECOMMENDATION

proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id; Bell v. Cone, 535 U.S. 685 (2002).

Under the "contrary to" clause, a federal court may grant relief only if the state court either (1) applied a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronted a set of facts that was materially indistinguishable from a Supreme Court decision but nonetheless arrived at a different result. Williams, 529 U.S. at 406.

Under the "unreasonable application" clause, a federal court may grant relief only if the state court identified the correct governing principle from the Supreme Court but unreasonably applied that principle to the facts of the petitioner's case. Williams 529 U.S. at 413. This clause "requires the state court decision to be more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

Rather, the "state court's application of clearly established law must be objectively unreasonable." _Id_. It is not "an unreasonable application of clearly established Federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller -el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. Delgado v. Lewis, 223 F. 3 $^{rd}$ 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner

may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must
> be highly deferential and that every effort [must]
> be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of
> counsel's challenged conduct, and to evaluate the
> conduct from counsel's perspective at the time.
> Thus, even when a court is presented with an
> ineffective-assistance claim not subject to

> §2254(d)(1) deference, a defendant must overcome the
> presumption that, under the circumstances, the
> challenged action might be considered sound trial
> strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

Petitioner alleged an ineffective assistance of counsel claim in his PCR action. The PCR trial court found "[t]here's no proof of any inadequacy of counsel" Exhibit 133 at p. 26 and that petitioner "failed to prove each and every allegation in the petition." Exhibit 134.    This conclusion is entitled to deference by this court because it is not an unreasonable application of Strickland. In addition, I find that the PCR court determination is supported by the record and correct on the merits.

Under the rule of Apprendi, "[o]ther than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. However, Apprendi, as applied at the time of petitioner's conviction (ie, before the U.S. Supreme Curt decided Blakely) did not apply to petitioner's case because petitioner's departure sentence on the Count three Sexual Abuse conviction was within the

statutory maximum.   Petitioner was sentenced to 80 months for
Sexual Abuse in the First Degree, a Class B Felony.   ORS 161.605
set the statutory maximum for a Class B Felony at 10 years.   <u>See</u>,
ORS 163.427.

   *Blakely* expanded the definition of "statutory maximum" for
*Apprendi* purposes as follows: "The 'statutory maximum for *Apprendi*
purposes is the maximum sentence a judge may impose solely on the
basis of the facts reflected in the jury verdict or admitted by the
defendant.   In other words, the relevant statutory maximum is not
the maximum sentence a judge may impose after finding additional
facts, but the maximum he may impose without any additional facts.
*Blakely*, 542 U.S. at 303-304 (internal citations omitted).

   Prior to *Blakely* however, "every single federal circuit court"
concluded that "a departure from presumptive sentence did not run
afoul of *Apprendi* as long as the upward departure was authorized
under the sentencing guidelines and did not exceed the statutory
minimum" for the crime. <u>See</u>, <u>Peralto-Basilio v. Hill</u>, 203 Or. App.
449, 453-454 (2005) (collecting federal circuit court cases).
Furthermore, the law in Oregon at the time petitioner was sentenced
was the rule of <u>State v. Dilts</u> (*Dilts I"*) 336 Or. 158 (2003).   In
*Dilts I*, the Oregon Supreme Court held that a sentence did not
violate th Due Process Clause relative to *Apprendi* because "it did
not exceed the prescribed statutory maximum." <u>Id</u>. at 175-176.
Although the Oregon Supreme Court decision in       *Dilts I* was

9 - FINDINGS AND RECOMMENDATION

subsequently reversed and remanded by the United States Supreme
Court following its decision in *Blakely,* it was controlling state
law at the time petitioner was sentenced and not contrary to any
federal law.

Thus, it would be the application of *Blakely* not *Apprendi* that
may have formed the basis for an objection to petitioner's sentence
and *Blakely* was not decided until approximately five months after
petitioner was sentenced.   In Schardt v. Payne, 414 F.3d 1025, 1036
(9th Cir. 2005) the Ninth Circuit held that the *Blakely* decision was
not to be applied retroactively.   Moreover, in *Schardt*, the court
held that counsel was not ineffective for failing to anticipate
*Blakely* developments after *Apprendi*.   See also, Reigard v. Hall,
Civ. No. 08-293-BR (U.S.D.C. Oregon, October 21, 2009) [all judges
in the District of Oregon who have considered the issue have ruled
that a attorney was not ineffective for failing to object under
*Apprendi* to a guideline sentence before *Blakely* was decided.

Based on the foregoing I find that counsel's failure to object
to petitioner's sentence did not fall below an objective standard
of reasonableness and was not constitutionally deficient.

Even if petitioner could establish that his trial counsel was
ineffective for failing to raise an *Apprendi* objection, he has
failed to prove that counsel's performance prejudiced his case, *ie*.
the second prong of the *Strickland* analysis. Even if trial counsel
had objected to the sentence, the result would not have been

different. As discussed above, prior to *Blakely*, the Oregon Supreme Court held that the maximum sentence for purposes of applying *Apprendi* was not the upper range of the presumptive sentence under the sentencing guidelines but rather the maximum sentence for the crime under ORS 161.605. <u>State v. Dilts</u>, <u>supra</u>. Accordingly, an objection based on *Apprendi* would not have been successful.

Petitioner argues that "[h]ad counsel objected to the departure, based on *Apprendi,* Zolkoske would have appealed his sentence. The sentencing appeal would then have been on direct review at the time *Blakely* was decided.  His case would then have been squarely covered by the *Blakely* holding and he would not have been subject to any retroactivity barriers to its application." Memorandum of Law (#28), p. 9.

The speculation that if counsel had objected to the departure petitioner would have appealed his sentence is insufficient to establish prejudice.  Moreover, the conclusion that petitioner would have appealed is not supported by the facts. As noted above, the prosecution was seeking a 150 month sentence.  The PCR trial judge stated:  "The attorney would have been almost crazy to have objected because he could have gotten so much more.  And you know, I'm looking at this ... And I'd say if I were an attorney, I would have taken those five months and run with them, not objecting." Exhibit 133, p. 20.

I agree with the PCR judge's observation that under the facts of this case, petitioner "could have gotten so much more,"  and

find that petitioner was not prejudiced by counsel's failure to object to the departure.  The conclusion that petitioner would have appealed the court's denial of the objection and thus been "covered" by the subsequently decided *Blakely* decision is too speculative to establish prejudice and is not supported by the facts.

Based on all of the foregoing I find that petitioner's Grounds Three - Five are procedurally defaulted and not properly before the court.  Petitioner has conceded and or waived and abandoned those claims as well as his ineffective assistance of counsel claim alleged in Ground Two by failing to offer any evidence or argument in support of those claims. For the reasons set forth above, petitioner is not entitled to relief on his claim that his counsel was ineffective for failing to object to the departure sentence on *Apprendi* grounds.

Petitioner's Petition (#1) should be denied.  This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file

12 - FINDINGS AND RECOMMENDATION

objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).*

DATED this 16 day of June, 2010

_____
Mark D. Clarke
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION